**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Heather Joy Dowler,<br><br>          Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>          Defendant. | No. CV-20-01708-PHX-SMB<br><br>**ORDER** |

At issue is the denial of Plaintiff Heather Dowler's Application for Social Security Disability Insurance ("SSDI") benefits by the Social Security Administration ("SSA") under the Social Security Act (the "Act"). Plaintiff filed a Complaint, (Doc. 1), and an Opening Brief, (Doc. 24), seeking judicial review of that denial. Defendant SSA filed an Answering Brief, (Doc. 25), to which Plaintiff replied, (Doc. 26). The Court has reviewed the parties' briefs, the Administrative Record, (Doc. 23), and the Administrative Law Judge's ("ALJ's") decision, (Doc. 23-3 at 12–24), and will affirm the ALJ's decision for the reasons addressed herein.

**I.     BACKGROUND**

Plaintiff filed an Application for SSDI benefits in August of 2016, alleging a disability beginning January 1, 2014. (Doc. 23-3 at 15.) Plaintiff's claim was initially denied in November of 2016. (*Id.*) A hearing was held before ALJ Guy Fletcher on July 2, 2019. (Doc. 24 at 2.) After considering the medical evidence, opinions, and testimony, the ALJ determined that Plaintiff suffered from severe impairments including

schizoaffective disorder and anxiety disorder. (Doc. 23-3 at 17.) However, the ALJ concluded that, despite these impairments, Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with one non-exertional limitation that she could perform simple work with occasional interactions with supervisors, coworkers, and the public. (*Id.* at 19.) Consequently, Plaintiff's Application was again denied by the ALJ on August 5, 2019. (*Id.* at 24.) Thereafter, the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision—making it the final decision of the SSA Commissioner (the "Commissioner")—and this appeal followed. (*Id.* at 2.)

## II. LEGAL STANDARDS

An ALJ's factual findings "shall be conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

## III. DISCUSSION

Although not clearly articulated by Plaintiff, the Court construes Plaintiff's Opening Brief as arguing that the ALJ's assessment of Plaintiff's mental impairments and RFC was not supported by substantial evidence.[1] Additionally, Plaintiff argues that the Court should "carefully and thoroughly consider" her "Letter of Appeal" and consider the content as

---

[1] Most of the arguments made by Plaintiff are piecemeal arguments that the ALJ misconstrued certain evidence and ultimately came to an erroneous conclusion regarding Plaintiff's RFC. (*See generally* Doc. 24.)

"factual findings."[2] (Doc. 24 at 6.)  The Commissioner argues that substantial evidence supports the ALJ's assessment of Plaintiff's mental impairments.  (Doc. 25 at 4.)  The Court has reviewed the ALJ's decision, as well as the medical and administrative records, and agrees with the Commissioner for the following reasons.

### A. SSA's Answering Brief was Timely Filed

As an initial matter, the Court finds that the Commissioner's Answering Brief was timely filed.  Plaintiff notes that she filed her Opening Brief on April 15, 2021, and that the Commissioner filed its Answering Brief on May 17, 2021.  (Doc. 26.)  Thus, she argues that the Commissioner's Answering Brief was tardy pursuant to LRCiv 16.1(b), which requires answering briefs to be filed within 30 days of service of a plaintiff's opening brief.  However, as the due date for the Commissioner's Answering brief fell on Sunday, May 16, 2021, the Commissioner was not tardy in filing its answering brief on the next business day, May 17, 2021.  *See* Fed. R. Civ. P. 6(a)(1)(C).

### B. Plaintiff's Letter of Appeal and New Evidence

Plaintiff urges this Court to consider the content of her Letter of Appeal as factual findings. (Doc. 24 at 6.)  Plaintiff's Letter of Appeal primarily contains unsworn testimony of Plaintiff countering findings made by the ALJ at the administrative hearing.[3]  (*See* Doc. 23-7 at 93–99.)

The Ninth Circuit has held that "when a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence."  *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1159–60 (9th Cir. 2012).  The Appeals Council reviewed this new evidence and found that it did not show a

---

[2] Plaintiff also attaches "new evidence" as Attachment A to her opening brief, which consists of documents related to her medical leave of absence during her master's degree program at Stony Brook University in 2013. (Doc. 24 at 6.)

[3] Additionally, Plaintiff requests that the onset date of her disability be correct from January 1, 2014 to May 1, 2016. (Doc. 23-7 at 93.)

reasonable probability "that it would change the outcome of the decision."[4] (Doc. 23-3 at 3.) Thus, the Court must consider the new evidence presented to the Appeals Council as it is a part of the administrative record.

After reviewing this information, the Court agrees with the Commissioner and the Appeals Council that it would not have changed the ALJ's decision. Notably, none of the evidence is from the relevant period. Plaintiff alleged a disability beginning January 1, 2014, and the ALJ issued his decision on August 5, 2019. All the new evidence supplied by Plaintiff either predates the alleged period of disability or postdates the ALJ's decision.[5] Plaintiff's Letter of Appeal mostly contains Plaintiff's arguments about portions of the ALJ's decision that she believes he got wrong. The letter consists of unsworn testimony and can be considered little more than additional argument pertaining to her Opening Brief. After review of the Letter of Appeal, the Court does not believe the information contained therein, even if sworn testimony, would change the ALJ's decision.

Although the physician, Celia Rodriguez (MD), from Southwest Network noted on October 2, 2019 that "[Plaintiff] should be on disability," (Doc. 23-3 at 41), this conclusion does not provide a justification to remand to the ALJ. *See* 20 C.F.R. § 404.1527(d)(1) ("A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled."); *see also Martinez v. Astrue*, 261 Fed. App'x. 33, 35 (9th Cir. 2007) ("[T]he opinion that [the claimant] is unable to work is not a medical opinion, but is an opinion about an issue reserved for the Commissioner."). Dr.

---

[4] Specifically, the Appeals Council reviewed the following new evidence: (1) Third Party Correspondence Letter from the claimant's mother, Kathleen Dowler (dated December 13, 2013); (2) claimant-supplied Evidence from Stony Brook University Degree Verification (dated October 25, 2019); (3) claimant-supplied evidence from Barbara Byrne, Assistant Dean of Finance for Stony Brook University (dated July 26, 2012); and (4) claimant-supplied evidence from Southwest Network (dated August 14, 2019 through October 2, 2019). (Doc. 23-3 at 30–41.)

[5] In his decision, the ALJ specifically stated that "the claimant has acquired sufficient quarters of coverage to remain insured through March 31, 2019. Thus, the claimant must establish disability on or before that date in order to be entitled to a period of disability and disability insurance benefits." (Doc. 23-3 at 15.)

Rodriguez's statement was not a medical opinion, but rather, was an opinion on the ultimate issue reserved for the ALJ. Thus, Dr. Rodriguez's opinion does not show that the ALJ erred in making his opinion. Further, Dr. Rodriguez's examination took place after the relevant period for the ALJ to make his determination.

Furthermore, the new evidence submitted to this Court does not warrant a remand under 42 U.S.C. § 405(g). If a district court is presented with new evidence which is material and there is good cause for the failure to incorporate such evidence in the record in a prior proceeding, the court may at any time remand and "order additional evidence to be taken before the Commissioner." *Id.* A plaintiff must show that the new evidence is material in determining her disability and that she had good cause for having failed to produce the evidence earlier. *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001). A plaintiff must "additionally demonstrate that there is a 'reasonable possibility' that the new evidence would have changed the outcome of the administrative hearing." *Id.* (quoting *Booz v. Secretary of Health & Human Servs.*, 734 F.2d 1378, 1380–81(9th Cir. 1983)).

The Court finds that Plaintiff has not shown good cause for her failure to submit evidence predating the ALJ's decision to the ALJ prior to making his decision. Furthermore, most of the new evidence Plaintiff seeks to admit came into evidence at her Administrative Hearing before the ALJ through her own testimony. Moreover, in the medical records that postdate the ALJ's decision, Plaintiff cannot show that there was a reasonable possibility that the new medical records would have changed the outcome of the administrative hearing because the ALJ was specifically examining whether Plaintiff established disability by March 31, 2019. (*See id.* at 15.) Accordingly, this new evidence does not necessitate a remand under 42 U.S.C. § 405(g).

**C. The ALJ's RFC Assessment is Supported by Substantial Evidence**

Plaintiff argues that the ALJ erred in his assessment that Plaintiff could sustain unskilled labor for more than 90% of the time considering her mental impairments. (Doc. 24 at 14.) However, all of Plaintiff's arguments relate to the ALJ's weighing of the evidence in making his determination, and the Court may set aside the Commissioner's

- 5 -

disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn*, 495 F.3d at 630.

Plaintiff also argues that the ALJ improperly discounted Plaintiff's testimony regarding her mental impairment. "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). If an ALJ finds that a claimant's testimony is unreliable, the ALJ must "make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002). In the Ninth Circuit, an ALJ's rejection of a claimant's symptom testimony is reviewed for "specific, clear, and convincing reasons." *Burrell v. Colvin*, 775 F.3d 1133, 1136–1137 (9th Cir. 2014).

After examining the ALJ's decision and the evidence in the administrative record, this Court concludes that the ALJ's decision was based on substantial evidence and that the ALJ provided specific, clear, and convincing reasons for rejecting Plaintiff's symptom testimony. In evaluating Plaintiff's RFC, the ALJ concluded that "claimant's objective medical evidence, the effectiveness of treatment, and the claimant's activities of daily living, illustrate greater functional abilities than alleged." (Doc. 23-3 at 20.) The ALJ noted that despite medical records corroborating her symptoms, mental health practitioners noted her as an "over-endorser" and found "she inflated symptoms." (*Id.*; Doc. 23-9 at 12.) Furthermore, the ALJ pointed to Dr. Janeen De Marte's observations that "there is some question about the credibility of [Plaintiff]'s report of mental health symptoms." (Doc.23-8 at 151.) The ALJ highlighted Dr. De Marte's finding regarding psychological testing: "It is possible that she has never had a psychological disorder or that her medication regimen has caused her to go into remission, with explains the current result." (*Id.*; Doc. 23-3 at 20.) Additionally, the ALJ noted that Plaintiff responded well to conservative treatment, in contradiction of her testimony. (Doc. 23-3 at 21.) The decision noted that her medical records showed that Plaintiff experienced improvement and stability with

"good compliance" with medication and treatment—with Plaintiff noting a 75 percent improvement of her symptoms with medication. (*Id.*; Doc. 23-8 at 100, 108.) The ALJ recognized that doctors noted Plaintiff had a depressed or glum mood at times, but her practitioners also noted her "neat appearance, cooperative attitude, normal orientation and attention span, coherent thought process and intact memory and cognition." (Doc. 23-3 at 21; *see* Doc. 23-8 at 7, 70, 77.) The ALJ noted that Plaintiff's full-scale IQ and working memory fell into the average range. (Doc. 23-3 at 21; Doc. 23-9 at 117.)

While Plaintiff's Opening Brief takes exception with many of the ALJ's findings regarding her activities of daily living, the Court finds that the ALJ's conclusions regarding her activities of daily living were supported by substantial evidence. The ALJ concluded that Plaintiff's activities of daily living exhibited "a person more able bodied than alleged, which further supports the aforementioned residual function capacity." (Doc. 23-3 at 21.) Specifically, regarding Plaintiff's daily living, the ALJ found that Plaintiff goes to coffee shops on a daily basis to meet with friends. (*Id.*; Doc. 23-7 at 47.) However, Plaintiff points out that she testified at her hearing that she was kicked out of a coffee shop for accusing another customer of misconduct, something that was not noted by the ALJ in his decision. (Doc. 23-3 at 61.) Although the ALJ credited Plaintiff with studying to be a psychiatrist at ASU, when asked at her hearing if she was still working on that master's program, Plaintiff testified that she was not. (*Id.* at 63.) Plaintiff had to drop out of that program due to her mental condition. Moreover, even though the ALJ's decision credited Plaintiff with finishing her master's degree in philosophy from Stony Brook University, Plaintiff complains that she did not mention that she had to take a year of medical absence during the middle of the program. (*Id.* at 21.) Plaintiff testified as such at her hearing. (*Id.* at 51–52.)

Despite these inaccuracies in the ALJ's decision regarding Plaintiff's activities of daily living, the Court finds that correcting the record on these facts would not have changed the result because the ALJ's decision was, nonetheless, supported by substantial evidence. Despite not listing some evidence favoring Plaintiff in his decision regarding

her activities of daily living, the ALJ thoroughly examined the medical record and found that Plaintiff was responding well to conservative treatment. (Doc. 23-3 at 21.) He relied on the fact that Plaintiff went on vacations to Sedona, Arizona and Atlanta, Georgia.[6] (*Id.*) Lastly, the ALJ gave "great weight" to the opinions of the state medical consultants, Cristobal Eblen, Ph.D and Patrice Solomon, Ph.D., who reviewed Plaintiff's medical records. (*Id.* at 22.) As the ALJ found, both doctors "opined as to moderate limitations in social interactions and concentration, persistence, or pace." (*Id.*)

In sum, the Court finds that the ALJ provided specific, clear, and convincing reasons for rejecting Plaintiff's testimony about her mental impairments. Additionally, the Court finds that the ALJ's finding regarding Plaintiff's RFC was supported by substantial evidence. Thus, the Court will affirm the decisions of the ALJ and the Appeals Council.

**IV.  CONCLUSION**

Therefore,

**IT IS ORDERED** affirming the August 5, 2019 decision of the ALJ, as upheld by the Appeals Council.

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 21st day of March, 2022.

Honorable Susan M. Brnovich
United States District Judge

---

[6] Although Plaintiff argues that these vacations were with her family members, (Doc. 24 at 11), the ALJ still could have properly concluded that the vacations favored a finding that she had the RFC to perform simple work.